IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 25 2006

GREGORY C. LANGHAM
CLERK

Civil Action No. 06-cv-00447-BNB

HOWELL FRANKLIN ROBERTS, III,

    Plaintiff,

v.

DANIEL O'BANNON, (Individual Capacity), Acting Denver Police Corporal,
JAMES W. DIXON, (Individual Capacity), Acting Denver Police Officer,
R. JASON BREST, (Individual Capacity), Acting Denver Police Officer,
MARIKA C. PUTNAM, (Individual Capacity), Acting Denver Police Officer,
BRIDGER E. FALK, (Individual Capacity), Acting Private Security Guard,
LISA CRAM, (Individual Capacity), Acting Hotel Desk Clerk,
VICTOR MONTEJANO, (Individual Capacity), Acting Ramada Hotel Manager, and
KENNETH M. LAFF, (Individual Capacity), Acting Denver District Attorney,

    Defendants.

---

ORDER DENYING FED R. CIV. P. 59(e) MOTION

---

Plaintiff Howell Franklin Roberts, III, a state prisoner, filed a *pro se* "Verified Motion to Alter or Amend Judgement [sic] in Accordance with F.R.C.P. 59(e)," on May 12, 2006. In the Motion, Plaintiff objects to the Order and Judgment of Dismissal entered by the Court, on May 2, 2006, in this action. The Court must construe the Motion liberally, because Mr. Roberts is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the Motion will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." ***Van Skiver v. United States***, 952 F.2d 1241, 1243 (10th Cir. 1991). Mr. Roberts filed the Motion within ten days after the Order and Judgment of Dismissal. Therefore, the Court will consider the Motion pursuant to Rule 59(e). *See **Van Skiver***, 952 F.2d at 1243.

The Court dismissed the instant Complaint and action because Mr. Roberts' claim for damages is barred by ***Heck v. Humphrey***, 512 U.S. 477 (1994). The reasons for the dismissal are discussed in detail in the May 2, 2006, Order. Mr. Roberts now contends that the Court has misread his Complaint. Plaintiff argues that *Heck* does not apply to his situation. He asserts that he has not been convicted of a new crime and that he was serving a mandatory parole when Defendants conducted an illegal search and seizure, which resulted in the revocation of his parole and his return to the Colorado Department of Corrections. (Mot. at 2 and 6.)

Contrary to Plaintiff's arguments, *Heck* does apply to proceedings that call into question the fact or duration of parole or probation. ***Crow v. Penry***, 102 F.3d 1086, 1087 (10th Cir. 1996) (citing ***Jackson v. Vannoy***, 49 F.3d 175 (5th Cir.), **cert. denied**, 516 U.S. 851 (1995)). Plaintiff's claim that he was subjected to an illegal search calls into question the validity of the revocation of his parole. Consequently, the dismissal without prejudice of Plaintiff's Complaint as barred by *Heck* is proper.

Therefore, the Court finds that Mr. Roberts fails to demonstrate a reason why the Court should reconsider and vacate the dismissal. Accordingly, it is

ORDERED that Plaintiff's Fed. R. Civ. P. 59(e) Motion, filed May 15, 2006, is DENIED.

DATED at Denver, Colorado, this 24 day of May, 2006.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-00447-BNB

Howell F. Roberts, III
Reg. No. 90353
Crowley County Corr. Facility
6564 State Hwy. 96
Olney Springs, CO 81062-8700

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on  5-25-06

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk